**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| FALLON MCELLIGOTT, INC.,<br>Plaintiff,<br>v.<br>OMNISKY CORPORATION,<br>Defendant. | Case No. 01-576 RHK/SRN<br><br>STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION |
| OMNISKY CORPORATION,<br>Counterclaim Plaintiff,<br>v.<br>FALLON MCELLIGOTT, INC.,<br>Counterclaim Defendant. | |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel:

1. All information produced or exchanged in the course of this case shall be used solely for the purposes of the prosecution or defense of this case regardless of whether it is marked "CONFIDENTIAL" and shall not be used for any other purpose.

2. A party or non-party may designate information or materials as CONFIDENTIAL where that person or entity (the "Designating Person") reasonably believes that the information or materials constitute, reflect or disclose confidential, competitively sensitive, proprietary and/or trade secret information of the Designating Person which the Designating Person wishes to maintain in confidence.

FILED OCT 11 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. Other than the Designating Person, its employees and its counsel, information or materials designated as CONFIDENTIAL shall be made available only to QUALIFIED PERSONS as described in paragraph 5 herein.

4. In connection with the production of material by any Designating Person, CONFIDENTIAL material shall be indicated by conspicuously marking each page that contains, reflects, or discloses such information or material. The designation shall take substantially the following form: "CONFIDENTIAL". The failure to designate a document as CONFIDENTIAL does not constitute a waiver of such claim, and a party or non-party may so designate a document at a later time. However, within thirty (30) days after both parties have signed this Stipulation, each party must identify by Bates-number CONFIDENTIAL documents (or portions thereof) already produced and all portions of extant deposition transcripts to be deemed CONFIDENTIAL.

5. "QUALIFIED PERSON" as used herein means:

(a) Counsel retained by or on behalf of a party (including the regularly employed secretarial, office, and legal assistant staffs of such counsel).

(b) Designated employees of a party subject to prior approval by the opposing party.

(c) Non-parties specifically and solely retained to assist outside counsel copying documents on a confidential basis.

(d) Any expert or consultant retained by counsel described in paragraph 5(a) to assist in the prosecution or defense of the claims in this lawsuit provided that the consultant or expert executes the Confidentiality Acknowledgment attached hereto as Exhibit A, the original of which shall be preserved and maintained by counsel who retained the expert or consultant.

6. In the event of disclosure of information or materials designated CONFIDENTIAL to a person not authorized for access to such material under the terms of this Stipulation and Order, the party responsible for having made such disclosure, and any party with knowledge of such disclosure shall immediately inform counsel for the party whose CONFIDENTIAL information has thus been disclosed of all known relevant information concerning the nature and the circumstances of the disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the information or materials is made by anyone and each party will cooperate in that effort.

7. In connection with the taking of any deposition in this action after the date on which this Stipulation and Order is signed by the parties:

(a) Counsel representing the witness, and counsel for either party when the deponent is a former employee or a third-party who had or has a contractual relationship with either party that exposed it to either party's confidential information, may, during any deposition, temporarily designate the entire deposition transcript as CONFIDENTIAL, provided that when such initial designation has been made, the Designating Person will, within 45 days after receipt of the transcript, review the transcript and withdraw the CONFIDENTIAL designation as to those pages of the transcript which the Designating Person does not in good faith believe constitute, reflect or disclose confidential, competitively sensitive, proprietary and/or trade secret information.

(b) Counsel for any party or the deponent may designate that information disclosed during a deposition or in response to written discovery is to be treated as CONFIDENTIAL by so marking the pages of said responses which contain the confidential

information or indicating on the record of the deposition and requesting the preparation of a separate transcript of such material.

8. In the event that any QUALIFIED PERSON ceases to be engaged in the preparation for trial of this case, access by such person to documents and information designated to be CONFIDENTIAL shall be terminated. However, the provisions of this Stipulation and Order shall remain in full force and effect as to all persons who have obtained access to information and/or documents designated to be CONFIDENTIAL hereunder except as may be specifically ordered by the Court.

9. Nothing contained herein shall prevent disclosure beyond the terms of this Stipulation and Order if the Designating Person knowingly consents to such disclosure in writing or on record, or if the Court, after notice to and an opportunity to be heard by all affected persons, allows such disclosure.

10. No party shall file with the Court any motion, brief or other paper containing or otherwise exhibiting, excerpting and/or disclosing any information designated as CONFIDENTIAL hereunder, unless said motion, brief, or other paper is filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this action, an indication of the nature of the contents, the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and a statement in substantially the following form:

> This envelope contains documents which were filed in this case by [name of party]. Pursuant to order of the Court, it is not to be opened nor shall its contents be displayed or revealed except by Court order or by stipulation of the parties.

11. At the conclusion of this case, all CONFIDENTIAL materials and information supplied by a Designating Person and all copies thereof (including without limitation all copies provided to testifying or consulting experts) shall be returned to the Designating Person or, in the alternative, destroyed and certified to the Designating Person to have been

destroyed. As to those materials which contain CONFIDENTIAL information but which constitute counsel's work product, counsel shall destroy such work product and all copies thereof, provided that counsel for each party may retain one complete set of documents filed with the Court and/or served in this action. Conclusion of this case shall mean after all appeal periods have expired and any settlement or judgment herein becomes final.

12. The inadvertent production or disclosure of any document, material or information subject to the attorney-client privilege, attorney-work product privilege, or any other applicable privilege shall not be deemed a waiver, in whole or in part, of the producing party's or non-party's claim of such privilege. The parties agree that they shall not argue that such inadvertent disclosure constitutes a waiver, in whole or in part, of any privilege. The parties further agree that all such documents or materials inadvertently disclosed (and all copies of such materials) shall be returned to the producing party or non-party, or destroyed, within 10 days after written demand for such return or destruction is made by the producing party or non-party.

13. This Stipulation and Order may be modified by stipulation among all the parties, approved by the Court, by application to the Court on noticed motion for good cause show, or upon the Court's own initiative.

14. Any non-party from whom discovery is sought in this case who wishes to obtain the benefits of a Designating Party under this Protective Order may do so, provided that such non-party notifies the parties (or their respective attorneys of record) in writing that the non-party will comply with the requirements stated herein.

15. A Designating Person may at any time remove its CONFIDENTIAL designation of any information it has designated as such.

16. The Court shall retain jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

DATED: ~~September~~ October 8, 2001

SULLIVAN & CROMWELL

By: ______________________

Michael Lacovara
*Attorneys for OmniSky Corporation*

DATED: September 28, 2001

HALL DICKLER KENT
GOLDSTEIN & WOOD LLP

By: ______________________

Charles von Simson
*Attorneys for Fallon McElligott, Inc.*

SO ORDERED:

DATED: ~~September~~ October 11, 2001

______________________

United States Magistrate Judge
Susan Richard Nelson

**EXHIBIT A TO**
**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION**

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| FALLON MCELLIGOTT, INC.,<br><br>Plaintiff,<br>v.<br><br>OMNISKY CORPORATION,<br><br>Defendant.<br>_______________________________ | Case No. 01-576 RHK/SRN |
| OMNISKY CORPORATION,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>FALLON MCELLIGOTT, INC.,<br><br>Counterclaim Defendant,<br>_______________________________ | |

CONFIDENTIALITY AGREEMENT

I, ________________________________, hereby certify that:

1. I have read the Stipulation And Order To Protect Confidential Information (the "Confidentiality Stipulation and Protective Order") entered in the above-captioned action and understand its terms.

2. I agree to be bound by the terms of the Confidentiality Stipulation and Protective Order. I agree to use the information provided to me in this case only for purposes of this litigation.

3. I understand that my failure to abide by the terms of the Confidentiality Stipulation and Protective Order entered in the above-captioned action may subject me, without limitation, to civil and criminal penalties for contempt of court.

4. I submit to the jurisdiction of the court in the above-captioned action for the purpose of enforcing the terms of the Confidentiality Stipulation and Protective Order and freely and knowingly waive any right that I may otherwise have to object to the jurisdiction of said court.

Date:_________________________ Signature:_________________________________

Print Name: _________________________________

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.